NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, AP-PELLEE, V. CARLOS C. BURR ET AL., APPELLANTS.

FILED SEPTEMBER 19, 1900. No. 9,282.

1. **Foreclosure of Mortgage:** REMISSION OF RENT: ABATEMENT OF RENT. Whether a court, in an action to foreclose a real estate mortgage has power to render a remission of rent already due, or an abatement of rent to become due, under a lease made by the landowner, *quære*.

2. **Exercise of Power to Remit or Abate Rent.** If such power exists, it can not be exercised merely for the benefit and advantage of a solvent tenant.

3. **Remarks of Judge:** REASONS FOR HOLDING: EVIDENCE. What the presiding judge may say, on the hearing of a motion or trial of a cause, respecting his reasons for granting an order in the case at chambers, is not evidence; and such statement can not be considered for any purpose.

4. **Evidence:** FINDING. Evidence examined, and found not to support the finding of the court.

APPEAL from the district court of Lancaster county. Tried below before HOLMES, J. *Reversed.*

*S. B. Pound* and *Roscoe Pound,* for appellants:

The reduction of the rent of J. H. Harley was a proceeding utterly void. It was the act of a judge at chambers. The judges of the several district courts as such have no inherent authority at chambers whatever, but only such as the statutes give them. *Browne v. Edwards & McCollough Lumber Co.,* 44 Nebr., 361. The statutes enumerate ten purposes for which a district judge may sit at chambers within his district. Two only of these may be construed as referring to receivers. These are: 6, hearing an application for the appointment for a receiver, or to discharge one already appointed, or to modify the order appointing one, and 9, to discharge such other duties or to exercise such other powers as may be conferred upon a judge in contradistinction to a court. Obviously the

order in question can not be justified under the sixth subdivision. The ninth subdivision raises the question, what are the powers of a judge as distinguished from a court in this connection? We submit that section 272 of the Code determines this. That section reads as follows: "Every order appointing a receiver shall contain special directions in respect to its powers and duties, and upon application of any party to the suit, after due notice thereof, such further directions may be made in that behalf by the court or judge as may in the further progress of the cause become proper."

Laying aside the question whether the order in controversy was a "direction" within the meaning of the Code, it is manifest that the power of a judge, as such, is limited to giving such directions upon application of parties to the suit, after due notice. In the case at bar the application was made by a tenant, and there was no notice of any kind to the defendant, which was the party chiefly interested. The order was made *ex parte*, at once, on presentation of the application. Such a proceeding is not merely unauthorized by the section quoted, it is contrary to its letter and to its spirit. Due notice must be taken as meaning due notice to all parties whose rights may be affected. The provisions of the Code as to notice in receivership proceedings are very strict and were intended to prevent abuses which obtained under the old practice.

A court will not, at the instance of a receiver, order a remission of arrears or a reduction of rents; nor, on the motion of a receiver, order that any of the arrears of rent of tenants be forgiven. *Woodward v. Woodward*, Hayes & Jones [Irish], 126; *Robinson v. Shearer*, Hayes & Jones [Irish], 799; *Ficener v. Bott*, 47 S. W. Rep. [Ky.], 251.

*Lambertson & Hall, contra:*

It was stated by Judge Hall that the order was made at chambers, and was done on an *ex parte* showing, not a part of the record. "I questioned at the time whether

or not the owners of the property ought to be notified and have a hearing on it, but the representation so made at the time struck me with sufficient force to act on it, and that he was an officer of the court and it was then the power of the court to enforce or modify as the case may require, and taking into account those things I knew—I thought I ought to enter the order. Now, what the legal effect of that is, I don't know. If I am called to pass on it now, I will enter an order that the receiver be protected, and you can take your exceptions."

SULLIVAN, J.

This action was instituted by the Northwestern Mutual Life Insurance Company against the appellants to foreclose a real estate mortgage upon business property in the city of Lincoln. At the commencement of the suit, William P. McLaren, in pursuance of a stipulation of the parties, was appointed receiver, and entered immediately upon the discharge of his trust. No fault is found with the decree of foreclosure, and the only question brought here for decision arises on an exception to an order of the court confirming the receiver's report. It appears that the mortgaged property had been rented by the owner, the Lincoln Land and Improvement Company, to J. H. Harley and that the lease, by its terms, was to run until 1899. It also appears that, at Harley's request, and without notice to any one except Stephenson, the receiver's agent, one of the judges of the district court for Lancaster county, made, at chambers, the following order:

"It having been made to appear to the undersigned one of the judges of said court by petition duly filed and proofs made, that J. H. Harley, the tenant in possession of the first floor and basement of the building situated on eighty feet of the north end of lot 12, in block 56, in the city of Lincoln, and the areaway about said building, is unable to pay as rent for said premises the sum of $200.00 per month, and it further appearing to the court

that a reduction of $50.00 per month for six months is reasonable and proper, and notice hereof having been duly served on Elmer B. Stephenson, receiver of said premises:

"It is therefore ordered that the rent from said premises be reduced to the sum of $150.00 per month for a period of six months from the first day of September, 1896, until a further order shall be made in the premises, and the receiver is directed to collect the reduced rent of $150.00 per month, from said tenant.

"Witness my hand, this 21st day of September, 1896.

"CHAS. L. HALL, *Judge."*

Acting on the assumption that the foregoing order was valid, the receiver collected, and in his report accounted for, rent from Harley after September 1, 1896, at $150 a month. It is not insisted by counsel for the appellee that the order made by Judge Hall at the instance of Harley, conferred upon the receiver any authority to reduce the rent; but it is contended that the approval of McLaren's report by the court was the legal equivalent of a prior adjudication, authorizing an abatement of rent. The money due upon the lease belonged to the landowner, and it is doubtful whether the court might, under any circumstances, abrogate his contract and order a remission of arrears, or a reduction of the amount which the tenant had agreed to pay. It has been said that the authority of the court with respect to rents, in cases of this kind, is nothing more than a power to collect the amount due according to the terms of the lease. *Robinson v. Shearer*, Hayes & Jones Rep. [Irish], 799; *Commissioners v. Harrington*, 11 L. R. [Irish], 127; *Ficener v. Bott*, 47 S. W. Rep. [Ky.], 251. Whether this is a correct statement of the law we do not now decide. The remission of rent in this case was unwarranted, conceding that the authority exists whenever property is sequestered for the benefit of a mortgagee. Mr. Harley was solvent, and there is in the record no evidence which would justify the conclusion

that a reduction of the rent due from him would be advantageous to either the owner of the land or the owner of the mortgage. What the presiding judge said, at the hearing, respecting his reasons for granting the order at chambers, is not evidence and can not be considered for any purpose; but, if it were competent, it would not change our conviction that the action of the trial court was unwise and improvident. The order confirming the receiver's report is reversed to the extent that it sanctions an abatement of the rent due upon the Harley lease. The cause is remanded with direction to the district court to cause the receiver to collect and account for the balance due upon the lease according to its terms; and the court is further directed to credit such balance upon the decree in this case.

JUDGMENT ACCORDINGLY.